

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Northern Division*

| | | | |
|---|---|---|---|
| *Michael Aubin*<br>*Assistant United States Attorney*<br>*Michael.Aubin@usdoj.gov*<br>**PEB** 7.14.23 | *Mailing Address:*<br>*36 S. Charles Street, 4th Floor*<br>*Baltimore, MD 21201* | *Office Location:*<br>*36 S. Charles Street, 4th Floor*<br>*Baltimore, MD 21201* | *DIRECT: 410-209-4940*<br>*MAIN: 410-209-4800*<br>*FAX: 410-962-0717* |

July 14, 2023

Meghan Michael, Esq.
Office of the Federal Public Defender
100 S. Charles St.
Tower II, 9th Floor
Baltimore, MD 21201

✓ FILED ___ ENTERED
___ LOGGED ___ RECEIVED

11:07 am, Aug 16 2023
AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ Deputy

Re:   United States v. Erik Francis Kombet,
       Criminal No. DLB-22-0128 (D. Md.)

Dear Counsel:

This letter, together with the Sealed Supplement, confirms the plea agreement (this "Agreement") that has been offered to your client, Erik Kombet (hereinafter "Defendant"), by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have the Defendant execute it in the spaces provided below. If this offer has not been accepted by July 28, 2023, it will be deemed withdrawn. The terms of the Agreement are as follows:

### Offenses of Conviction

1. The Defendant agrees to plead guilty to Counts One and Two of the Indictment, which charge the Defendant with Bank Fraud, in violation of 18 U.S.C. § 1344, and Theft of Mail, in violation of 18 U.S.C. § 1709. The Defendant admits that the Defendant is, in fact, guilty of the offenses and will so advise the Court.

### Elements of the Offenses

2. The elements of the offenses to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

   a.   Count One:

      i. On or about the dates set forth in the Indictment,

      ii. The Defendant knowingly executed a scheme or artifice to defraud a financial institution and to obtain the money, funds, or other property owned by or under the control of a financial institution by means of material false or fraudulent pretenses, representations, or promises;

Rev. August 2018

USA v. Erik Francis Kombet
DLB-22-0128
Plea Letter

        iii. The defendant acted with the intent to defraud; and

        iv. The financial institution was insured by the Federal Deposit Insurance Corporation.

   b. Count Two:

        i. On or about the dates set forth in the Indictment,

        ii. The Defendant was an employee of the United States Postal Service,

        iii. The Defendant intentionally stole, abstracted, or removed from any letter, postal card, package, bag, or mail, any article or thing contained therein, and

        iv. The letter, postal card, package, bag, or mail, or article or thing contained therein, was entrusted to the Defendant or came into his possession intended to be conveyed by mail.

### Penalties

3. The maximum penalties provided by statute for the offense to which the Defendant is pleading guilty are as follows:

| Count | Statute | Minimum Prison | Maximum Prison | Supervised Release | Maximum Fine | Special Assessment |
|---|---|---|---|---|---|---|
| 1 | 18 U.S.C. § 1344 | N/A | 30 years | 5 years | $1,000,000 | $100 |
| 2 | 18 U.S.C. § 1709 | N/A | 5 years | 3 years | $250,000 | $100 |

   a. Prison: If the Court orders a term of imprisonment, the Bureau of Prisons has sole discretion to designate the institution at which it will be served.

   b. Supervised Release: If the Court orders a term of supervised release, and the Defendant violates the conditions of supervised release, the Court may order the Defendant returned to custody to serve a term of imprisonment as permitted by statute, followed by an additional term of supervised release.

   c. Restitution: The Court may order the Defendant to pay restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

USA v. Erik Francis Kombet
DLB-22-0128
Plea Letter

      d.      Payment: If a fine or restitution is imposed, it shall be payable immediately, unless the Court orders otherwise under 18 U.S.C. § 3572(d). The Defendant may be required to pay interest if the fine is not paid when due.

      e.      Forfeiture: The Court may enter an order of forfeiture of assets directly traceable to the offense, substitute assets, and/or a money judgment equal to the value of the property subject to forfeiture.

      f.      Collection of Debts: If the Court imposes a fine or restitution, this Office's Financial Litigation Unit will be responsible for collecting the debt. If the Court establishes a schedule of payments, the Defendant agrees that: (1) the full amount of the fine or restitution is nonetheless due and owing immediately; (2) the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment; and (3) the United States may fully employ all powers to collect on the total amount of the debt as provided by law. Until the debt is paid, the Defendant agrees to disclose all assets in which the Defendant has any interest or over which the Defendant exercises direct or indirect control. Until the money judgment is satisfied, the Defendant authorizes this Office to obtain a credit report in order to evaluate the Defendant's ability to pay, and to request and review the Defendant's federal and state income tax returns. The Defendant agrees to complete and sign a copy of IRS Form 8821 (relating to the voluntary disclosure of federal tax return information) and a financial statement in a form provided by this Office.

### Waiver of Rights

4. The Defendant understands that by entering into this Agreement, the Defendant surrenders certain rights as outlined below:

      a.      If the Defendant had pled not guilty and persisted in that plea, the Defendant would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

      b.      If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

      c.      If the Defendant went to trial, the Government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the Government's witnesses. The Defendant would not have to

USA v. Erik Francis Kombet
DLB-22-0128
Plea Letter

present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in defense, however, the Defendant would have the subpoena power of the Court to compel the witnesses to attend.

    d.  The Defendant would have the right to testify in the Defendant's own defense if the Defendant so chose, and the Defendant would have the right to refuse to testify. If the Defendant chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from the Defendant's decision not to testify.

    e.  If the Defendant were found guilty after a trial, the Defendant would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

    f.  By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that the Defendant may have to answer the Court's questions both about the rights being given up and about the facts of the case. Any statements that the Defendant makes during such a hearing would not be admissible against the Defendant during a trial except in a criminal proceeding for perjury or false statement.

    g.  If the Court accepts the Defendant's plea of guilty, the Defendant will be giving up the right to file and have the Court rule on pretrial motions, and there will be no further trial or proceeding of any kind in the above-referenced criminal case, and the Court will find the Defendant guilty.

    h.  By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status, including possible denaturalization. The Defendant recognizes that if the Defendant is not a citizen of the United States, or is a naturalized citizen, pleading guilty may have consequences with respect to the Defendant's immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including the Defendant's attorney or the Court, can predict with certainty the effect of a conviction on immigration status. The Defendant is not relying on any promise or belief about the immigration consequences of pleading guilty. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any potential immigration consequences.

USA v. Erik Francis Kombet
DLB-22-0128
Plea Letter

## Advisory Sentencing Guidelines Apply

5. The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. § 3551-3742 (excepting 18 U.S.C. § 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

## Factual and Advisory Guidelines Stipulation

6. This Office and the Defendant stipulate and agree to the Statement of Facts set forth in Attachment A, which is incorporated by reference herein.

   a. This Office and the Defendant further agree that applicable guidelines are:

      i. **Count One**: The parties agree that the base offense level is **7** pursuant to U.S.S.G. § 2B1.1(a)(1). The offense level is increased by **2**, pursuant to U.S.S.G. § 2B1.1(b)(2)(A)(i), because the offense involved 10 or more victims. The parties also agree that the offense level is increased by **6**, pursuant to § 2B1.1(b)(1)(D), because the loss exceeded $40,000. The parties further agree that the offense level is increased by **2**, pursuant to U.S.S.G. § 3B1.3, because the Defendant abused a position of trust. As a result, before any reductions, the anticipated offense level is **17**.

      ii. **Count Two**: The parties agree that the base offense level is **6** pursuant to U.S.S.G. § 2B1.1(a)(2). The offense level is increased by **2**, pursuant to U.S.S.G. § 2B1.1(b)(2)(A)(i), because the offense involved 10 or more victims. The parties further agree that the offense level is increased by **2**, pursuant to U.S.S.G. § 3B1.3, because the Defendant abused a position of trust. As a result, before any reductions, the anticipated offense level is **10**.

      iii. With respect to multiple counts of conviction, Counts One and Two group for the purpose of calculating the base offense level, pursuant to U.S.S.G. §§ 3D1.2(b), 3D1.3. The anticipated grouped offense level is, therefore, **17**.

   b. This Office does not oppose a 2-level reduction in the Defendant's adjusted offense level pursuant to U.S.S.G. § 3E1.1(a) based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional **1**-level decrease in recognition of the Defendant's timely notification of the Defendant's intention to enter a plea of guilty. This Office may oppose any adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(a), and may decline to make a motion pursuant to U.S.S.G. § 3E1.1(b), if

Rev. August 2018

USA v. Erik Francis Kombet
DLB-22-0128
Plea Letter

the Defendant: (i) fails to admit each and every item in the factual stipulation; (ii) denies involvement in the offense; (iii) gives conflicting statements about the Defendant's involvement in the offense; (iv) is untruthful with the Court, this Office, or the United States Probation Office; (v) obstructs or attempts to obstruct justice prior to sentencing; (vi) engages in any criminal conduct between the date of this Agreement and the date of sentencing; (vii) attempts to withdraw the plea of guilty; or (viii) violates this Agreement in any way. The anticipated adjusted offense level **14**.

        c.      Pursuant to the prospective application of U.S.S.G. § 4C1.1(a), as provided by the 2023 Amendments to the U.S.S.G., § 5H1.8, and § 5K2.0(a)(4), there is a **2-level decrease** because the defendant: (1) did not receive any criminal history points from Chapter Four, Part A; (2) did not receive an adjustment under §3A1.4 (Terrorism); (3) did not use violence or credible threats of violence in connection with the offense; (6) did not personally cause substantial financial hardship; (7) did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense; (9) did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and (10) did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848. Additionally, the instant offense of conviction (4) did not result in death or serious bodily injury; (5) is not a sex offense; and (8) is not covered by §2H1.1 (Offenses Involving Individual Rights).

        d.      Based on the foregoing, the anticipated adjusted offense level is **12**.

        7.      There is no agreement as to the Defendant's criminal history and the Defendant understands that the Defendant's criminal history could alter the Defendant's offense level. Specifically, the Defendant understands that the Defendant's criminal history could alter the final offense level if the Defendant is determined to be a career offender or if the instant offense was a part of a pattern of criminal conduct from which the Defendant derived a substantial portion of the Defendant's income.

        8.      Other than as set forth above, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines are in dispute or will be raised in calculating the advisory guidelines range.

### Rule 11(c)(1)(C) Plea

        9.      The parties stipulate and agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a sentence of **no greater than 12 months and one day** of imprisonment in the custody of the Bureau of Prisons is the appropriate disposition of this case taking into consideration the nature and circumstances of the offense, the Defendant's criminal history, and all of the other factors set forth in 18 U.S.C. § 3553(a). This Agreement does not affect the Court's discretion to

USA v. Erik Francis Kombet
DLB-22-0128
Plea Letter

impose any lawful term of supervised release or fine or to set any lawful conditions of probation or supervised release. In the event that the Court rejects this Agreement, except under the circumstances noted below, either party may elect to declare the Agreement null and void. Should the Defendant so elect, the Defendant will be afforded the opportunity to withdraw his plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(5). The parties agree that if the Court finds that the Defendant engaged in obstructive or unlawful behavior and/or failed to acknowledge personal responsibility as set forth herein, neither the Court nor the Government will be bound by the specific sentence contained in this Agreement, and the Defendant will not be able to withdraw his plea.

10. At the time of sentencing, this Office and the Defendant reserve the right to advocate for a reasonable period of supervised release, and/or fine considering any appropriate factors under 18 U.S.C. § 3553(a). This Office and the Defendant reserve the right to bring to the Court's attention all information with respect to the Defendant's background, character, and conduct that this Office or the Defendant deem relevant to sentencing, including the conduct that is the subject of any counts of the Indictment. At the time of sentencing, this Office will move to dismiss any open counts against the Defendant.

## Obligations of the U.S. Attorney's Office

11. At the time of sentencing, this Office will move to dismiss any remaining counts of the Indictment.

12. The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character, and conduct.

## Waiver of Appeal

13. In exchange for the concessions made by this Office and the Defendant in this Agreement, this Office and the Defendant waive their rights to appeal as follows:

 a. The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever. This includes a waiver of all right to appeal the Defendant's conviction on the ground that the statute(s) to which the Defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute(s), to the extent that such challenges legally can be waived.

 b. The Defendant and this Office knowingly and expressly waive all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any term of imprisonment, fine, term of supervised release, or order of restitution) for any reason (including

USA v. Erik Francis Kombet
DLB-22-0128
Plea Letter

the establishment of the advisory sentencing guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

        c.      The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

## Forfeiture

      14.      The Defendant understands that the Court may enter an Order of Forfeiture as part of the Defendant's sentence, and that the Order of Forfeiture may include assets directly traceable to the offense(s), substitute assets, and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offenses.

      15.      Specifically, but without limitation on the Government's right to forfeit all property subject to forfeiture as permitted by law, the Defendant agrees to forfeit to the United States all of the Defendant's right, title, and interest in any money, property, and/or assets derived from or obtained by the Defendant as a result of, or used to facilitate the commission of, the Defendant's illegal activities, including a forfeiture money judgment in the amount of funds the Defendant obtained as a result of the bank fraud and mail theft scheme.

      16.      The Defendant agrees to consent to the entry of orders of forfeiture for the property described herein and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding forfeiture during the change of plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

      17.      The Defendant agrees to assist fully in the forfeiture of the property described above. The Defendant agrees to disclose all assets and sources of income, to consent to all requests for access to information related to assets and income, and to take all steps necessary to pass clear title to the forfeited assets to the United States, including executing all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are made available for forfeiture.

      18.      The Defendant waives all challenges to any forfeiture carried out in accordance with this Agreement on any grounds, including any and all constitutional, legal, equitable, statutory, or administrative grounds brought by any means, including through direct appeal, habeas corpus petition, or civil complaint. The Defendant will not challenge or seek review of any civil

Rev. August 2018

USA v. Erik Francis Kombet
DLB-22-0128
Plea Letter

or administrative forfeiture of any property subject to forfeiture under this Agreement, and will not assist any third party with any challenge or review or any petition for remission of forfeiture.

### Abandonment

19. The Defendant knowingly and voluntarily waives any right, title, and interest in the following property:

  a. 13 pieces of U.S. mail seized from the Defendant on October 27, 2021; and

  b. one Glock 17 pistol, bearing serial number BSWG098, and one magazine containing three rounds of 9mm ammunition.

(the "Abandoned Property") and consents to its federal administrative disposition, official use, and/or destruction.

20. The Defendant understands that he would have a right to file a claim to the Abandoned Property and waives his right to claim the Abandoned Property. The Defendant agrees not to contest the vesting of title of the Abandoned Property in the United States Government and agrees to unconditionally release and hold harmless the United States Government, its officers, employees, and agents, from any and all claims, demands, damages, causes of actions, suits, of whatever kind and description, and wheresoever situated, that might now exist or hereafter exist by reason of or growing out of or affecting, directly or indirectly, the seizure or waiver of ownership interest in the Abandoned Property. The Defendant agrees to execute any documents as necessary to the waiver of right, title and interest in the Abandoned Property, including any forms necessary to effect the Defendant's waiver of ownership interest.

### Restitution

21. The Defendant agrees to the entry of a restitution order for the full amount of the victims' losses, which the parties expect to be determined by the time of sentencing. The Defendant agrees that, pursuant to 18 U.S.C. §§ 3663 and 3663A and 3563(b)(2) and 3583(d), the Court may order restitution of the full amount of the actual, total loss caused by the offense conduct set forth in the factual stipulation. The total amount of restitution shall be due immediately and shall be ordered to be paid forthwith. Any payment schedule imposed by the Court establishes only a minimum obligation. Defendant will make a good faith effort to pay any restitution. Regardless of Defendant's compliance, any payment schedule does not limit the United States' ability to collect additional amounts from Defendant through all available collection remedies at any time. The Defendant further agrees that the Defendant will fully disclose to this Office, the probation officer, and to the Court, subject to the penalty of perjury, all information (including but not limited to copies of all relevant bank and financial records) regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any

USA v. Erik Francis Kombet
DLB-22-0128
Plea Letter

such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this Agreement, and this Office may seek to be relieved of its obligations under this Agreement.

### Defendant's Conduct Prior to Sentencing and Breach

22. Between now and the date of the sentencing, the Defendant will not engage in conduct that constitutes obstruction of justice under U.S.S.G. § 3C1.1; will not violate any federal, state, or local law; will acknowledge guilt to the probation officer and the Court; will be truthful in any statement to the Court, this Office, law enforcement agents, and probation officers; will cooperate in the preparation of the presentence report; and will not move to withdraw from the plea of guilty or from this Agreement.

23. If the Defendant engages in conduct prior to sentencing that violates the above paragraph of this Agreement, and the Court finds a violation by a preponderance of the evidence, then: (i) this Office will be free from its obligations under this Agreement; (ii) this Office may make sentencing arguments and recommendations different from those set out in this Agreement, even if the Agreement was reached pursuant to Rule 11(c)(1)(C); and (iii) in any criminal or civil proceeding, this Office will be free to use against the Defendant all statements made by the Defendant and any of the information or materials provided by the Defendant, including statements, information, and materials provided pursuant to this Agreement, and statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure. A determination that this Office is released from its obligations under this Agreement will not permit the Defendant to withdraw the guilty plea. The Defendant acknowledges that the Defendant may not withdraw the Defendant's guilty plea—even if made pursuant to Rule 11(c)(1)(C)—if the Court finds that the Defendant breached the Agreement. In that event, neither the Court nor the Government will be bound by the specific sentence or sentencing range agreed and stipulated to herein pursuant to Rule 11(c)(1)(C).

### Court Not a Party

24. The Court is not a party to this Agreement. The sentence to be imposed is within the sole discretion of the Court. The Court is not bound by the Sentencing Guidelines stipulation in this Agreement. The Court will determine the facts relevant to sentencing. The Court is not required to accept any recommendation or stipulation of the parties. The Court has the power, under Rule 11(c)(5) to reject the plea agreement entered into under rule 11(c)(1)(C). Neither the prosecutor, defense counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

Rev. August 2018

USA v. Erik Francis Kombet
DLB-22-0128
Plea Letter

## Entire Agreement

25.  This letter, together with the Sealed Supplement, constitutes the complete plea agreement in this case.  This letter, together with the Sealed Supplement, supersedes any prior understandings, promises, or conditions between this Office and the Defendant.  There are no other agreements, promises, undertakings, or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement.  No changes to this Agreement will be effective unless in writing, signed by all parties and approved by the Court.

If the Defendant fully accepts each and every term and condition of this Agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Erek L. Barron
United States Attorney

_____
Michael Aubin
Assistant United States Attorney

I have read this Agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney.  I understand it and I voluntarily agree to it.  Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney and I do not wish to change any part of it.  I am completely satisfied with the representation of my attorney.

_8/16/2023_                              _____
Date                                             Erik Francis Kombet

I am the Defendant's attorney.  I have carefully reviewed every part of this Agreement, including the Sealed Supplement with the Defendant.  The Defendant advises me that the Defendant understands and accepts its terms.  To my knowledge, the Defendant's decision to enter into this Agreement is an informed and voluntary one.

_8/16/2023_                              _____
Date                                             Meghan Michael, Esq.

Rev. August 2018

11

USA v. Erik Francis Kombet
DLB-22-0128
Plea Letter

## ATTACHMENT A

## STIPULATION OF FACTS

The undersigned parties stipulate and agree that the following facts are true and accurate, and that if this case had proceeded to trial, this Office would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.

Between a period beginning in January 2021 and ending on or about October 27, 2021, Erik Francis Kombet engaged in theft of mail and bank fraud. Kombet, age 28, is a resident of Severn, Maryland. At all times relevant to this case, Kombet was an employee the United States Postal Service ("USPS") and worked as a letter carrier for USPS. His job duties included collecting outgoing mail from collection boxes and wall boxes and collecting outgoing parcels from businesses on an assigned route, sorting the collection mail, and transporting the collection mail to a distribution center for processing and delivery. Kombet was primarily assigned to the Millersville Post Office and primarily to Rural Route 5 in Millersville, Maryland.

At the start of Kombet's employment, USPS informed Kombet of his duty to protect and preserve the security of all mail in his custody from unauthorized opening, tampering, or delay. Kombet acknowledged his understanding of this duty and swore an oath to faithfully discharge his duties as a postal employee. Kombet was also specifically informed, and acknowledged his understanding, that theft of mail matter by a postal employee is a federal crime punishable by a term of imprisonment up to five years pursuant to Title 18, United States Code, Section 1709.

Between January 2021 and October 27, 2021, Kombet removed and stole checks and other financial instruments from letters and that had been placed in the mail stream and then came into Kombet's possession in the course of his work as a letter carrier. These letters were intended to be conveyed by mail and were entrusted to Kombet for that purpose. The total number of postal customers victimized by Kombet's thefts and abuses of public trust is not known with certainty but exceeds 10.

USPS Office of Inspector General was notified by Summit Business Technologies ("Summit"), a Millersville, MD-based business, that Summit customers' checks were not being delivered, but instead were being deposited by Erik Kombet in his Navy Federal Credit Union (NFCU) accounts. While investigating Summit's claims, NFCU Fraud Investigators contacted federal investigators regarding other suspicious checks deposited by Kombet. NFCU provided copies of 75 such checks deposited in 2021 into Kombet's accounts, with 23 belonging to Summit and the rest being from various other business entities. In total, NFCU suffered $41,319.52 in loss due to Kombet's unlawful deposits.

USA v. Erik Francis Kombet
DLB-22-0128
Plea Letter

      During an October 2021 interview with investigators, Kombet admitted to stealing checks from the mail since January 2021, depositing the same in his NFCU account, and disposing of the checks. He also identified his signature on the back of one of the checks provided by NFCU and admitted to endorsing at least five others. Kombet consented to a search of his backpack. Investigators then recovered thirteen (13) pieces of mail not belonging to Kombet. Those mails contained one business check and four U.S. Treasury checks.

      All events described above occurred in the District of Maryland.

      SO STIPULATED:

_____
Michael Aubin
Assistant United States Attorney

_____
Erik Francis Kombet
Defendant

_____
Meghan Michael, Esq.
Counsel for Defendant